United States District Court
For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9          SAN FRANCISCO DIVISION

10  Curtis Renee Jackson,                          NO. C 10-02578 JW

11             Plaintiff,                **ORDER GRANTING DEFENDANT'S
                                         MOTION FOR SUMMARY JUDGMENT**
       v.
12
    Social Security Administration,
13
               Defendant.
14  _____/

15                    **I.  INTRODUCTION**

16         Curtis Renee Jackson ("Plaintiff") brings this *pro se* action against the Social Security

17  Administration ("Defendant"), alleging violations of the Freedom of Information Act ("FOIA"), the

18  Privacy Act, and several California statutes.  Plaintiff alleges that Defendant has failed to provide

19  him with copies of his medical and mental health records despite numerous requests to do so.

20         Presently before the Court are Plaintiff's Motion to Compel Discovery[1] and Defendant's

21  Cross-Motion to Dismiss or for Summary Judgment.[2]  The Court finds it appropriate to take these

22  Motions under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers

23  submitted to date, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES as

24  moot Plaintiff's Motion to Compel.

25  _____

26         [1] (Motion for an Order Compelling Discovery, hereafter, "Motion to Compel," Docket Item
    No. 44.)

27         [2] (Defendant Social Security Administration's Opposition to Motion to Compel; Notice of
    Cross-Motion and Cross-Motion to Dismiss or for Summary Judgment, hereafter, "Defendant's
28  Motion," Docket Item No. 48.)

**United States District Court**
For the Northern District of California

## II. BACKGROUND

**A.      Undisputed Facts**

Plaintiff received Supplemental Security Income from Defendant from 1990 to 1995.[3]
Around 1995 Plaintiff was arrested and convicted of a three strikes offense.[4]  Plaintiff was sentenced
to fifteen years to life in prison, which Plaintiff is serving at Pleasant Valley State Prison.[5]  This
rendered Plaintiff ineligible for Social Security benefits, and Plaintiff's benefits were terminated in
1995.[6]

Defendant generally keeps a "claims file" for all recipients of Social Security benefits.[7]  Such
files are not kept indefinitely, and are scheduled for destruction according to Defendant's Document
Destruction Policy.[8]  Defendant's electronic records indicate that Plaintiff's file was destroyed on or
within 90 days of May 8, 2002.[9]  Plaintiff did not seek his claim file from Defendant prior to 2005.
(FAC ¶ 4.)

Plaintiff seeks his claims file in order to access his medical and mental health records, for the
purpose of proving a mental health claim in his appeal of his criminal sentence.[10]

---

[3]  (First Amended Complaint against Janice McDaniel and Social Security Administration ¶ 8, hereafter, "FAC," Docket Item No. 1; Declaration of Joanna Garcia in Support of Defendant Social Security Administration's Cross-Motion to Dismiss or for Summary Judgment ¶ 2, hereafter, "Garcia Decl.," Docket Item No. 50.)

[4]  (FAC ¶ 8; Defendant's Motion at 4.)

[5]  (FAC ¶¶ 8, 2; Defendant's Motion at 4.)

[6]  (FAC ¶ 8; Garcia Decl. ¶ 2.)

[7]  (See Declaration of Jennifer A. Stevenson in Support of Defendant Social Security Administration's Cross-Motion to Dismiss or for Summary Judgment ¶ 2, hereafter, "Stevenson Decl.," Docket Item No. 49.)

[8]  (See Stevenson Decl., Ex. B, Document Destruction Policy of Social Security Administration, hereafter, "Document Destruction Policy," Docket Item No. 49.)

[9]  (See Stevenson Decl. ¶ 3.)

[10]  (Motion to Compel, Ex. A at 2.)

2

**United States District Court**
For the Northern District of California

1    **B.    Procedural History**

2          On October 24, 2006, Plaintiff filed a Complaint against "John Doe, Director" and the Social

3    Security Administration in the Superior Court of Alameda County.[11]  On August 26, 2009, Plaintiff

4    filed his First Amended Complaint, naming "Janice McDaniel, District Manager," as an individual

5    Defendant as well as Defendant Social Security Administration.  (Id.)  On June 11, 2010, the case

6    was removed to federal court.  (Id.)  On June 18, 2010, Defendant filed a motion to dismiss the

7    individual Defendant Janice McDaniel.  (See Docket Item No. 8.)  On September 3, 2010, the Court

8    dismissed the claims against Janice McDaniel.[12]

9          On November 5, 2010, Plaintiff filed an Amended Complaint without presenting any reasons

10   for why such amendment was proper.  (See Docket Item No. 24.)  Defendant filed a status report

11   questioning which complaint was before the Court.[13]  On March 24, 2011, Plaintiff filed a Motion to

12   Proceed *in Forma Pauperis.*[14]  On July 6, 2011, the Court granted Plaintiff's Motion and determined

13   that the First Amended Complaint was the operative Complaint.[15]

14         Presently before the Court is Defendant's Motion to Dismiss or for Summary Judgment.

15                                   **III.  STANDARDS**

16   **A.    Motion to Dismiss**

17         Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for

18   lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion may be either facial, where the inquiry

19   is confined to the allegations in the complaint, or factual, where the court is permitted to look

20   beyond the complaint to extrinsic evidence.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

21   On a facial challenge, all material allegations in the complaint are assumed true, and the question for

22

23         [11]  (See Notice of Removal, Ex. C at 55, Docket Item No. 1.)

24         [12]  (See Order Granting Motion to Dismiss, Docket Item No. 14.)

25         [13]  (See Docket Item No. 31.)

26         [14]  (See Docket Item No. 37.)

27         [15]  (See Docket Item No. 43.)

28                                        3

United States District Court
For the Northern District of California

1  the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See

2  id., 392 F.3d at 362; Thornhill Publ'g Co. v. Gen. Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

3  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly

4  brought before the court, the party opposing the motion must furnish affidavits or other evidence

5  necessary to satisfy its burden of establishing subject-matter jurisdiction."  Safe Air for Everyone v.

6  Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The court need not presume the truthfulness of the

7  plaintiff's allegations under a factual attack.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000);

8  Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  However, in the absence of a

9  full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the

10  light most favorable to the opposing party.  Dreier v. United States, 106 F.3d 844, 847 (9th Cir.

11  1996).  The disputed facts related to subject-matter jurisdiction should be treated in the same way as

12  one would adjudicate a motion for summary judgment.  Id.

13  **B.      Summary Judgment**

14       Summary judgment is proper if "the movant shows that there is no genuine dispute as to any

15  material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The

16  purpose of summary judgment "is to isolate and dispose of factually unsupported claims or

17  defenses."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

18       The moving party "always bears the initial responsibility of informing the district court of

19  the basis for its motion . . . ."  Celotex, 477 U.S. at 323.  "A party asserting that a fact cannot be or is

20  genuinely disputed must support the assertion by: (a) citing to particular parts of materials in the

21  record, including depositions, documents, electronically stored information, affidavits or

22  declarations, stipulations (including those made for purposes of the motion only), admissions,

23  interrogatory answers, or other materials; or (b) showing that the materials cited do not establish the

24  absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

25  evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "If a party fails to properly support an

26  assertion of fact or fails to properly address another party's assertion of fact as required by Rule

27

28                                                    4

United States District Court

For the Northern District of California

1   56(c), the court may . . . grant summary judgment if the motion and supporting materials–including

2   the facts considered undisputed–show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

3          When evaluating a motion for summary judgment, the court views the evidence through the

4   prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby

5   Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-

6   moving party, including questions of credibility and of the weight that particular evidence is

7   accorded. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991). The court

8   determines whether the non-moving party's "specific facts," coupled with disputed background or

9   contextual facts, are such that a reasonable jury might return a verdict for the non-moving party.

10  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). In such a

11  case, summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational

12  trier of fact could not find for the non-moving party based on the record as a whole, there is no

13  "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

14  (1986).

**IV.  DISCUSSION**

16         Defendant moves to dismiss or for summary judgment on the grounds that (1) Plaintiff has

17  not exhausted his administrative remedies as to the FOIA claim, as would be necessary for the Court

18  to have subject matter jurisdiction; (2) the undisputed evidence shows that Defendant has not

19  withheld documents from Plaintiff as would be necessary to support a Privacy Act claim; and (3)

20  none of the California statutes relied upon by Plaintiff create a cause of action against the federal

21  government.[16]  Plaintiff has not filed an opposition to Defendant's Motion.[17]

22

23

24

---

25         [16] (Defendant's Motion at 10-12.)

26         [17] The Court recognizes that Plaintiff is a prisoner proceeding *pro se* in this matter.
    Accordingly, in reaching this disposition, the Court has taken great care to ensure that Plaintiff is not
27  prejudiced by his failure to file an opposition to Defendant's Motion.

28                                                    5

**A.      The Freedom of Information Act**

Defendant moves to dismiss Plaintiff's FOIA claim on the grounds that Plaintiff did not exhaust his administrative remedies, and thus the Court does not have subject matter jurisdiction to hear Plaintiff's unexhausted claim. (Defendant's Motion at 12.)  In the alternative, Defendant moves for summary judgment on the ground that the undisputed evidence shows that Defendant performed an adequate search for the records at issue, and thus satisfied the requirements of FOIA as a matter of law.  (Id.)

**1.      Subject Matter Jurisdiction**

Federal courts do not have subject matter jurisdiction over FOIA claims that have not been properly exhausted. Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986) (overruled on other grounds by Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 111 (1990)).  To properly appeal the denial of a FOIA request, the party who requested documents from an agency must mail a copy of the denial and a statement of why the party believes the denial was in error to the Chairman of the Merit Protections Board within ten days of receiving the denial.[18]  While the denial of a FOIA request requires administrative exhaustion, however, a plaintiff may file suit directly in federal court if he receives no response at all to the request for information. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  Thus, where a lawsuit is filed more than ten days after a FOIA request is made, but before an agency has issued any response, there is no jurisdictional bar to a federal court hearing the case on the merits. Id. at 62.

Here, Plaintiff alleges that his request for records received no response at all from Defendant. (See FAC ¶ 5.)  While Defendant disputes receiving a proper FOIA request from Plaintiff in the first instance, it does not dispute that no response was made to any request from Plaintiff before this lawsuit was filed.  (See Defendant's Motion at 12.)  Since it is undisputed that Plaintiff never received a FOIA denial which he could administratively appeal, the Court will proceed to consider the merits of Plaintiff's FOIA claim.

---

[18]  See 5 C.F.R. § 1204.21.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   **2.      Motion for Summary Judgment**

2          To prevail on a cause of action under FOIA, a plaintiff must demonstrate that an agency (1)

3   improperly (2) withheld (3) agency records. Kissinger v. Reporters Comm. for Freedom of the

4   Press, 445 U.S. 136, 150 (1980).  Where an agency claims not to have the record sought in its

5   possession, summary judgment is appropriate if the agency demonstrates an adequate search for the

6   documents. See Zemansky v. U.S. Envtl. Prot. Agency, 767 F.2d 569, 573 (9th Cir. 1985).  The

7   agency must demonstrate that it has conducted a search "reasonably calculated to uncover all

8   relevant documents." Id. at 571(citation omitted).  The issue to be resolved is not whether there

9   might exist any other document possibly responsive to the request, but rather whether the search for

10  those documents was adequate. Id.  The adequacy of the search, in turn, is judged by a standard of

11  reasonableness. Id.

12         In demonstrating the adequacy of the search, the agency may rely upon relatively detailed,

13  non-conclusory affidavits submitted in good faith. Zemansky, 767 F.2d at 571 (citing Weisberg v.

14  U. S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  Affidavits describing search

15  procedures are adequate to support summary judgment for the agency if they are relatively detailed

16  in their description of the files searched and the search procedures, and if they are non-conclusory

17  and not impugned by bad faith. Id.  Furthermore, agency affidavits "enjoy a presumption of good

18  faith that withstand[s] purely speculative claims about the existence and discoverability of other

19  documents." Chamberlain v. U.S. Dept. of Justice, 957 F. Supp. 292, 294 (D.D.C. 1997), aff'd 124

20  F.3d 1309 (D.C. Cir. 1997) (citations omitted).

21         Here, Defendant offers the following evidence of a reasonable search for Plaintiff's file:

22         Technical Expert Jeffrey Peel performed an electronic search which revealed that Plaintiff's
           files had been destroyed in accordance with Defendant's Document Destruction Policy in
23         May of 2002.[19]  Despite learning of this probable destruction of the file, Mr. Peel also
           physically searched all 953 paper cabinets in the Oakland Office to see if any remnants of
24         Plaintiff's file remained. (Id. ¶ 6.) Jennifer Stevenson, who oversees folder storage,

25

26
   _____

27         [19]  (Declaration of Jeffrey Peel ¶ 5, Docket Item No. 51.)

28                                                  7

1    retention, and destruction for Defendant, also attempted to locate Plaintiff's claims file, and
     learned that it had been destroyed.[20]

2    Upon review, the Court finds that these search measures were sufficient to satisfy

3    Defendant's burden under FOIA.  Although Defendant's electronic searches provided a clear

4    indication that Plaintiff's file was unlikely to be found, Defendant nonetheless ensured that no paper

5    files were available by searching every paper file cabinet in the relevant office.  This more than

6    satisfies the reasonable search requirement imposed on agencies by FOIA.

7    Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to

8    Plaintiff's FOIA Claim.

9    **B**.    **Privacy Act Claims**

10   At issue is whether Defendant is entitled to summary judgment as to Plaintiff's Privacy Act

11   claim.

12   The Privacy Act provides that all federal agencies that maintain a system of records must

13   allow individuals or their designees access to their own record and provide a copy of the record to

14   the individual at their request.  5 U.S.C. § 522a(d)(1).  An individual who has made a proper request

15   for records and has been denied access to them may bring a cause of action in federal court against

16   the agency.  Id. § 552a(g)(1)(B).  The failure to maintain records regarding an individual is only

17   actionable under the Privacy Act if a resulting inaccuracy leads to an adverse decision by the

18   agency.  See id. § 552a(g)(1)(c); see also Houlihan v. Office of Pers. Mgmt., 909 F.2d 383, 385 (9th

19   Cir. 1990).  Thus, a plaintiff may only prevail on a claim for failure to maintain records under the

20   Privacy Act if he can demonstrate a causal connection between the failure to maintain records and an

21   adverse agency action.  See Hewitt v. Grabicki, 794 F.2d 1373, 1379-80 (9th Cir. 1986).

22   Here, for the reasons discussed above regarding Plaintiff's FOIA claim, the uncontested

23   evidence shows that Defendant has not denied Plaintiff access to documents within its possession,

24   but rather does not possess the documents that Plaintiff seeks.  Further, Plaintiff alleges that he needs

25   these documents not to challenge an action by Defendant, but rather because he seeks to use them in

26

27       [20]  (Stevenson Decl. ¶¶ 2, 3.)

28                                              8

**United States District Court**
For the Northern District of California

1   challenging a criminal sentence.[21]  Thus, Defendant's failure to maintain records that Plaintiff seeks

2   for that purpose does not give rise to a Privacy Act claim.

3        Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to

4   Plaintiff's claim under the Privacy Act.

5   **C.**       **State Law Claims**

6        At issue is whether Plaintiff has stated a claim for which relief can be granted under any

7   section of the California Government Code.

8        Plaintiff first seeks relief on the basis of the California Public Records Act.  (FAC ¶ 11.)  The

9   California Public Records Act governs disclosure of information by California Agencies.  Cal. Gov.

10  Code. §§ 6250-6267.  By its terms, the statute governs only the conduct of state and local agencies,

11  and does not apply to agencies of the federal government.  See id. § 6252 (defining public agency to

12  mean state or local agency); see also Cnty. of Los Angeles v. Superior Court, 82 Cal. App. 4th 819,

13  825 (Cal. Ct. App. 2000) (explaining that the California Public Records Act imposes FOIA-like

14  requirements on state and local agencies).

15       Plaintiff also seeks relief under California Government Code § 6200, which criminalizes the

16  act of stealing, mutilating, defacing, altering or falsifying a government record.  Cal. Gov. Code §

17  6200.  This section of the California Government Code is a criminal statute.  See People v.

18  McKenna, 116 Cal. App. 2d 207, 211 (Cal. Ct. App. 1953).  By its terms, the statute does not create

19  a private right of action.  Cal. Gov. Code § 6200.

20       Finally, Plaintiff seeks relief under California Government Code § 12237.  This code section

21  governs the circumstances in which documents should be disclosed from the state archives.  Cal.

22  Gov. Code § 12237.  It has no application to the disclosure of records contained anywhere other than

23  the state archives.  Id.

24

25

26  _____

27      [21] (See Motion to Compel, Ex. A at 2 (explaining that the records sought are necessary for
    Plaintiff's appeal of his criminal conviction).)

28                       9

United States District Court
For the Northern District of California

1    Here, because Plaintiff is seeking disclosure of documents from a federal agency, the Court

2 finds that none of these state law provisions regarding the California government provide any basis

3 for relief.  Accordingly, Defendant's Motion is GRANTED as to all state law claims.

4                                    **V.  CONCLUSION**

5    Defendant's Motion for Summary Judgment is GRANTED as to all claims.  In light of this

6 disposition, the Court DENIES as moot Plaintiff's Motion to Compel.

7

8

9 Dated:  October 19, 2011

                                                      JAMES WARE
10                                                    United States District Chief Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        10

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2

Abraham A. Simmons abraham.simmons@usdoj.gov

3

Curtis Renee Jackson
Pleasant Valley State Prison
4   P.O. Box 8500
C2-109
5   Coalinga, CA 93210-8500

6

**Dated:  October 19, 2011**                      **Richard W. Wieking, Clerk**

7

8                                                    **By:    /s/ JW Chambers**
**Susan Imbriani**
9                                                          **Courtroom Deputy**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28